UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KENNETH CLINE, individually
& on behalf of all similarly situated,

 Planitiff(s),

v.

RED SKYE WIRELESS, LLC

 Defendant.
_____/

## COMPLAINT

### I. Nature of Case

 1. The Plaintiff, Kenneth Cline, individually and on behalf of all similarly situated, sues Defendant, Red Skye Wireless, LLC, for failing to pay them time and half their regular hourly rate for hours worked over 40 hours in a workweek.

 2. Defendant's actions violate Sections 7(a)(1), 15(a)(2) and 16(b) of the Fair Labor Standards Act ("FLSA" or "the Act").

 3. Plaintiff, individually and on behalf of all similarly situated, sues Defendant pursuant to 29 U.S.C. § 216(b).

 4. Plaintiff was a store manager employee of Defendant within the past three years.

 5. Defendant's uniform policy for its store manager employees was and is to pay an hourly rate up to forty hours plus commission/bonus with no overtime pay.

 6. The store manager employees are not exempt from the FLSA.

7. Plaintiff seeks each class members rightful unpaid overtime wage, an equal amount in liquidated damages, judgment, attorneys' fees and costs.

## II. Venue & Jurisdiction

8. Plaintiff, and all putative class members, worked for Defendant in the United States.

9. Defendant is a Texas corporation that conducts business throughout the United States. Defendant conducts business in Broward County, Florida, among other locations.

10. The Court has original jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. § 1331.

## III. The FLSA

11. The Fair Labor Standards Act was signed into law on June 28, 1938, with overwhelming support from both Democrat and Republican leaders. The FLSA's minimum wage and maximum hour provisions serve the dual purposes of lessening the costs of doing business and spreading work among the masses.

12. The FLSA is intended to secure to workmen (and women) "the fruits of their toil and exertion." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 12*3, 321 U.S. 590, 592, 64 S.Ct. 698, 700 (1944).

13. The purposes of the overtime provisions of the FLSA are to spread employment among the masses and to compensate employees for the burden of a workweek in excess of those hours fixed by Congress. *Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of America,* 325 U.S. 161, 167, 65 S.Ct. 1063,

1067, *reh'g denied*, 325 U.S. 897, 65 S.Ct. 1550 (1945). Furthermore, any custom, contract or agreement falling short of the FLSA's basic policies cannot be utilized to deprive employees of their statutory rights. *Id.*

14. By enacting the FLSA, Congress intended "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct. 895, 902 (1945).

## IV. Facts

15. Defendant has a uniform policy in payment of overtime to store manager employees.

16. Store manager employees are paid an hourly wage up to forty hours plus commission/bonuses with no overtime pay.

17. Defendant is in the wireless industry.

18. Defendant has retail stores throughout the United States.

19. Defendant has store managers and store managers in training (assistant managers) in each of its retail stores.

20. Defendant has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

21. Within the past three years Defendant has employed one or more store managers in Florida.

22. Within the past three years Defendant has employed one or more store managers in Missouri.

23. Within the past three years Defendant has employed one or more store managers in Texas.

24. Within the past three years Defendant has employed one or more store managers in Colorado.

25. Within the past three years Defendant has employed one or more store managers in Kentucky.

26. Within the past three years Defendant has employed one or more store managers in Kansas.

27. Within the past three years Defendant has not paid contemporaneous overtime to its store managers.

28. Within the past three years Defendant has employed store managers in states other than those identified in paragraphs 21 through 26.

29. Defendant's store manager employees are paid pursuant to the same pay policy.

30. Store manager employees are similarly situated to Plaintiff.

31. Store manager employees are primarily responsible for selling Defendant's products.

32. Store manager employees typically earn less than 50% of their income from commissions.

33. Store manager employees were paid an hourly wage when they worked less than 40 hours in a workweek.

34. Store manager employees worked more than 40 hours a week in one or more workweeks without receiving overtime pay.

35. Defendant was aware of the overtime provisions of the Fair Labor Standards Act when it opened its business.

36. Defendant has acted in reckless disregard of the FLSA as it relates to the Plaintiff and all store manager employees.

37. Plaintiff worked overtime without overtime pay.

38. Store manager employees worked overtime without overtime pay.

39. Defendant is an enterprise as defined by § 3(r) of the FLSA.

40. Defendant is an enterprise engaged in commerce as defined by § 3(s) of the FLSA.

41. Defendant employed Plaintiff(s).

42. Defendant is an employer of Plaintiff(s) as defined by § 3(d) of the FLSA.

43. Defendant willfully violated the FLSA or in reckless disregard of the FLSA acted as it relates to Plaintiff(s).

## V. Collective Action Allegations

44. Plaintiff and the class members performed the same or similar job duties as one another in that they worked as store manager employees within the past three (3) years without receiving premium pay for overtime hours. Plaintiff and the class members were subjected to the same pay provisions in that they suffered or

were permitted to work overtime but not paid at the correct rate for all hours worked. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

45. Defendant's failure to compensate employees for all overtime wages as required by the FLSA results from a policy or practice of failure to assure payment of overtime in accordance to the FLSA . This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as: all store manager employees during anytime within the previous three (3) years of this complaint who were not paid for all overtime worked at the correct rate.

46. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay all overtime with respect to Plaintiff and the class members.

47. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

### VI. Failure to pay wages in accordance with the FLSA

48. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2) of the Act, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for all their work at a rate of one and half their regular rate or piece rate for all hours worked over forty in a workweek. Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

Wherefore, Plaintiff demands judgment, payment of his and all class members overtime wages at the correct rate pursuant to the Fair Labor Standards Act, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and reasonable attorneys' fees and costs for all time worked by the attorneys in prosecuting this case pursuant to 29 U.S.C. § 216(b).

Respectfully submitted this 21st day of December 2015,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Florida Bar Number 643971
bmazaheri@forthepeople.com
Christina J. Thomas, Esq.
Florida Bar No. 0074846
cthomas@forthepeople.com
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tel – (407) 420-1414
Fax – (407) 245-3487

*Counsel for Plaintiff(s)*