UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KENNETH CLINE, individually and on
behalf of all similarly situated,

        Plaintiff,

vs.

RED SKYE WIRELESS, LLC & RSW
ADMIN, LP,

        Defendant.

Case No.: 0:15-cv-62671-WPD

_____/

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release is entered into between Kenneth Cline and Marcus Washington (the "Plaintiffs"), and Red Skye Wireless, LLC and RSW Admin, LP ("Defendant").

WHEREAS, Plaintiffs filed an action against Defendants, alleging, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay them overtime for work exceeding 40 hours per week.

WHEREAS, Defendant Red Skye Wireless, LLC denies that it employed Plaintiffs, and both Defendants deny that either owes any overtime wages, that they have violated the FLSA or any other law, rule or regulation and each maintains that even if it employed Plaintiffs, it has at all times properly compensated Plaintiffs; and

WHEREAS, Plaintiffs and Defendants have litigated the issues, including the exchange of factual data, and each party understands the detail and substance of their respective claims and defenses; and

WHEREAS, a bona fide dispute exists between Plaintiffs and Defendants as to the amount, if any, of unpaid wages or overtime owing to Plaintiffs; and

WHEREAS, Plaintiffs and Defendants desire to enter into this Agreement, with the approval of this Court, to fully and finally settle, resolve and dismiss with prejudice the above-captioned dispute and Plaintiffs' claims, as defined herein; and

NOW THEREFORE, in consideration of the mutual promises and agreements hereinafter set forth, it is hereby stipulated and agreed by and between Plaintiffs and Defendant that:

I.    **DEFINITIONS**

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement.

1.1    "Agreement" means this Confidential Settlement Agreement and Release and the terms outlined herein.

1.2    "Plaintiffs' Counsel" means Bernard R. Mazaheri, Christina J. Thomas, and the Morgan & Morgan law firm.

1.3    "Covered Period" refers to the applicable limitations periods covering the claims of the Plaintiffs. The periods shall end on the date this Agreement is fully executed.

1.4    The "Litigation" means the above-captioned action.

1.5    The "Parties" means Plaintiffs and Defendants.

1.6    "Released Claims" means any and all claims that are or were asserted in the Litigation or that arise out of the same operative facts that either or both of the Plaintiffs ever had or may now have against any of the Released Parties, whether known or unknown, from the beginning of time to the date of this Agreement, as a result of any and all actions or omissions, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to the Fair Labor Standards Act, as amended, any state minimum wage law or similar claim, including any and all claims for liquidated damages, unpaid minimum wages, deductions, interest, attorneys' fees,

2

injunctive relief, or penalties related thereto.  The Released Claims also include a mutual general and complete release of all claims and actions which either party now has or ever has had against the other which arose or may have arisen prior to the date of execution of this Agreement,  Notwithstanding the above: (i) Plaintiffs do not waive their rights, if any currently exist, to file a charge or complaint with the Equal Employment Opportunity Commission ("EEOC"), National Labor Relations Board ("NLRB"), or the Florida Commission on Human Relations ("FCHR"), but Plaintiffs waive, forego, and relinquish the recovery of any legal and equitable relief that may be claimed by Plaintiffs, or offered or awarded to Plaintiffs, or that may be sought or recovered by any individual or entity on behalf of Plaintiffs, in conjunction with any charge, investigation or proceeding conducted by or before the EEOC, NLRB, FCHR, or any similar federal, state or local agency; and (ii) Plaintiffs do not release any claims that arise after the date of execution of this Agreement, claims for unemployment compensation benefits, or any claims that cannot be waived or released as a matter of law.

    1.7  "Released Parties" means Defendant Red Skye Wireless, LLC, RSW Admin, LP and any affiliated companies, and in the case of all such entities, their respective owners, officers, directors, attorneys, agents, representatives, employees, successors, assigns, and insurers.

    1.8 "Settlement" means this Settlement Agreement and Release.

## II. RECITALS

    2.1  Plaintiffs' Counsel conducted a thorough investigation into the facts of the action prior to filing suit, then continued his investigation throughout the Litigation, including the review and analysis of documents and facts concerning employment policies and procedures related to the allegations of Plaintiffs, and pursued an investigation of Plaintiffs' claims against Defendants.  Based on their investigation and evaluation, Plaintiffs and Plaintiffs' Counsel agree that the terms set forth in this Agreement are fair, reasonable, and adequate and in the best

interest of Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendants, and potential appellate issues.

2.2   It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to the Litigation which exist between them.

2.3   It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all Released Claims against all Released Parties.

2.4   Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Litigation.

2.5   This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties or the Released Parties.  The Parties further acknowledge and agree that this Agreement shall not be used to suggest an admission of liability in any dispute that any of the Parties may have now or in the future with respect to any person or entity.  Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Agreement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

2.6   The Parties agree to terminate all outstanding pleading and motion matters, and, any outstanding motions shall be withdrawn.

2.7   This Agreement is contingent upon the approval of the Court and the satisfaction of the other terms set forth in this Agreement.  Defendants do not waive, and instead expressly reserve, their defenses and right to oppose Collective Action certification and to challenge the propriety of Collective Action certification for any purpose, should the Court not approve this Agreement and/or enter an Approval Order.

**III.     PAYMENTS**

3.1     One or both Defendants, on behalf of the Released Parties, will make the following payments within 10 days after receipt by Defendant's counsel of a Court order approving all of the terms of settlement and dismissing the above-captioned action in its entirety with prejudice, provided that Defendants' counsel receives executed IRS Forms W-4 and W-9, as appropriate, prior to or upon Plaintiffs' execution of this Agreement:

(a)     The gross amount of One Thousand Five Hundred and 00/100 Dollars ($1,500.00), less taxes, withholdings, and deductions that are authorized or required by law, payable to Cline, as alleged unpaid wages, said amount to be reported on an IRS Form W-2 issued to Cline;

(b)     The total amount of Two Thousand and 00/100 Dollars ($2,000.00), payable to Cline, as alleged liquidated damages and additional consideration for the execution of this Agreement, said amount to be reported on an IRS Form 1099 issued to Cline;

(c)     The gross amount of One Thousand Five Hundred and 00/100 Dollars ($1,500.00), less taxes, withholdings, and deductions that are authorized or required by law, payable to Washington, as alleged unpaid wages, said amount to be reported on an IRS Form W-2 issued to Washington;

(d)     The total amount of Two Thousand and 00/100 Dollars ($2,000.00), payable to Washington, as alleged liquidated damages and additional consideration for the execution of this Agreement, said amount to be reported on an IRS Form 1099 issued to Washington;

(e)     The total amount of Seven Thousand and 00/100 Dollars ($7,000.00), payable to Morgan & Morgan, as attorneys' fees and costs incurred on Plaintiffs' behalf, said amount to be reported on an IRS Form 1099 issued to Morgan & Morgan.

3.2     Plaintiffs agree to hold harmless and indemnify the Released Parties for and from any and all liability arising out of the parties' tax treatment of any payments set forth in this

Agreement, including, without limitation, liability for taxes, withholdings, penalties, assessments, attorneys' fees, and costs.

### IV. RELEASES

4.1 Upon the Court's approval of this Agreement, each Plaintiff shall be deemed to, and shall have, released and discharged all Released Parties with respect to all Released Claims.

### V. DUTIES OF THE PARTIES TO OBTAIN COURT APPROVAL AND DISMISSAL OF ACTION

5.1 Plaintiffs agree to fully and finally dismiss with prejudice the above-captioned action. To effectuate such dismissal with prejudice, within five (5) days of the execution of this Agreement, Plaintiffs agree to file with the Court an Unopposed Motion to Approve Settlement, along with a proposed Order, and to request that the Court approve such terms, dismiss the above-captioned action in its entirety with prejudice (the parties to bear their own costs, fees, and expenses except as otherwise set forth in this Agreement).

### VI. PARTIES' REPRESENTATION BY COUNSEL

6.1 All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

### VII. MUTUAL FULL COOPERATION

7.1 The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

### VIII. REPRESENTATIONS AND WARRANTIES

8.1 As material terms of this Agreement, Plaintiffs represent and warrant that the following are true and correct:

6

(a) As of the date of Plaintiffs' execution of this Agreement, other than the above-captioned action, Plaintiffs have not filed, or caused to be made or filed, any judicial or administrative action or claim setting forth allegations against the Released Parties that remains pending with any court or administrative agency;

(b) Plaintiffs have not at any time filed for bankruptcy;

(c) Plaintiffs are not aware of any individual or entity (other than Plaintiffs and the Released Parties) that has any interest in the matters set forth in this Agreement. Plaintiffs have the sole right and exclusive authority to execute this Agreement, and Plaintiffs have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand relating to any matter covered by this Agreement;

(d) The amounts to be paid pursuant to Section III of this Agreement are not, in whole or in part, subject to any garnishment, claim, levy, or lien by any individual or entity, including, without limitation, the IRS or any other governmental agency, and Plaintiffs shall hold harmless, indemnify, and defend the Released Parties against any claim or demand asserted against the Released Parties relating to or arising out of the amounts paid pursuant to Section III.

**IX.    SETTLEMENT OF DISPUTES**

9.1    All disputes relating to this Agreement and its implementation shall be within the continuing jurisdiction of the Court over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out.

**X.    MODIFICATION**

10.1    This Agreement and its attachments may not be changed, altered, or modified, except in writing and signed by Plaintiffs and Defendant, and approved by the Court.

**XI.    ENTIRE AGREEMENT**

11.1    This Agreement entered into by Plaintiffs and Defendant constitutes the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement. In the

event of any conflict between this Agreement and any other Agreement-related document, the Parties intend that this Agreement shall be controlling.

## XII.    COUNTERPARTS

12.1    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one agreement, which shall be binding upon and effective as to all Parties.

## XIII.   MISCELLANEOUS

13.1    This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida, both substantive and remedial.  The failure of any provision of this Agreement shall in no manner affect the right to enforce the same, and the waiver by any Party of any breach of any provision of this Agreement shall not be construed to be a waiver by such Party of any succeeding breach of such provision or a waiver by such Party of any breach of any other provision.

13.2    In the event this Agreement, or any amended version agreed upon by the Parties does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless any particular provision of this Agreement that has been judicially approved is expressly agreed in writing by all Parties.

13.3    This Agreement shall be binding upon, and inure to the benefit of, the successors of each of the Parties.

13.4    Plaintiffs and Defendants believe this is a fair, reasonable and adequate Agreement and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, present and potential.

13.5    The descriptive headings of any paragraph or sections of this Agreement are inserted for convenience or reference only and do not constitute a part of this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the

date indicated below:

Dated: 3/15, 2016          By:_____
                                  KENNETH CLINE


Dated: _____, 2016       By:_____
                                  MARCUS WASHINGTON


Dated: _____, 2016       RED SKYE WIRELESS, LLC


                           By:_____

                           Name Printed: _____

                           Title: _____

9

date indicated below:

Dated: _____, 2016         By:_____
                                KENNETH CLINE


Dated: __3/14/2016__, 2016   By:_____
                                MARCUS WASHINGTON


Dated: _____, 2016         RED SKYE WIRELESS, LLC


                             By:_____

                             Name Printed: _____

                             Title: _____